IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALLEN LEE POLK, | § |
| | § |
| VS. | § CIVIL ACTION NO.4:09-CV-163-Y |
| | § |
| | § |
| THERON BOWMAN, Chief of Police, | § |
| City of Arlington, Texas, et al. | § |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se plaintiff and inmate Allen Lee Polk's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Polk's claims are set forth on a civil-rights complaint form, along with several attachments thereto.[1] Polk has named as defendants Theron Bowman, police chief, City of Arlington, Texas; and detectives Hubbard and Purdue. (Compl. Style; § IV(B).) Polk alleges that he was struck and run over by a drunk driver on September 6, 2007, in Arlington, Texas. (Compl. § V, attachment pages I.) Polk contends that although he has made several contacts with Theron Bowman and others within the City of Arlington police department on numerous occasions about the investigation and arrest of the person that hit him, no charges have been brought and no arrest has been made. (Compl. § V, attachment pages.) Polk alleges that even though he has provided information to Arlington police authorities regarding the identity of the driver

---

[1] A few days after submitting this complaint with attachments on March 13, 2009, Polk submitted, on March 18, 2009, a handwritten copy of all the text he submitted before. As this document is duplicative, it was un-filed and was returned to Polk accompanied by a deficiency order issued this same day.

who hit him, nothing has been done towards the driver's arrest or prosecution. (Compl. §§ IV(B) and V; attachment pages.) Polk alleges that the defendants have refused to meet with him. (Compl. attachment pages.) Polk alleges that he was not given proper "service by law" and that defendants have treated him with discrimination and racism. (Comp. attachment pages.) Polk seeks 225 million dollars for "mental anguish, pain and suffering, emotional stress, medical damages and future medical damages . . .." (Compl. attachment pages.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not

---

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

*See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

*See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and attachments under these standards, the Court concludes that Plaintiff's claims must be dismissed.

The Court notes first that Polk's claims in this suit are duplicative of claims already asserted and dismissed in a previous suit. In *Polk v. Bowman*, No. 4:08-CV-437-Y, this Court dismissed, under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), Polk's claims for monetary damages arising from the same factual scenario and allegations made in this complaint.[7] In reviewing a similar multiple-suit-filing scenario by an inmate plaintiff, the Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's determination that an in-forma-pauperis action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See *Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan*, No.

---

[5] See *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] The Court takes judicial notice of the records of this Court in *Polk v. Bowman*, No. 4:08-CV-437-Y, and a copy of the Court's opinion and order of dismissal is attached hereto.

3

85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[8]

Even though in this case Polk has expressly named as defendants detectives Hubbard and Purdue that were not named before, as his claims against them arise from the same facts he alleged in the prior suit, his allegations against them must be dismissed as duplicative of the prior litigation.[9] Because Polk's claims in the instant case against are virtually identical to claims already dismissed under 28 U.S.C. § 1915(e)(2) and 1915A(b) in this the Northern District of Texas, such claims asserted herein must be dismissed as malicious under 28 U.S.C. §§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Alternatively, the Court concludes that Polk's allegations in this case must be dismissed under 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) for the same reasons enunciated in the November 18, 2008 Opinion and Order of Dismissal entered in *Polk v. Bowman,* 4:08-CV-437-Y, attached hereto.

Therefore, all of plaintiff Allen Lee Polk's claims in this action are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and under the authority of 28 U.S.C. §

---

*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

*See Bailey,* 846 F.2d at 1021 (finding no abuse of discretion in district court's dismissal of subsequent suit that named different defendants).

4

1915(e)(2)(B)(i) and (ii).

    SIGNED April 16, 2009.

                                                /s/ Terry R. Means
                                               TERRY R. MEANS
                                               UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALLEN LEE POLK, | § |
| | § |
| VS. | § CIVIL ACTION NO.4:08-CV-437-Y |
| | § |
| | § |
| THERON BOWMAN, Chief of Police, | § |
| City of Arlington, Texas | § |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Allen Lee Polk's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Polk's claims are set forth on a civil-rights complaint form, along with several attachments. Polk has named as defendant Theron Bowman, police chief, City of Arlington, Texas. (Compl. Style; § IV(B).) Polk alleges that he was the victim of being struck, run over, and left for "dead" by a drunk driver on September 6, 2007, in Arlington, Texas. (Compl. § V, attachment pages I.) Polk contends that although he has made several contacts with Theron Bowman and others within the City of Arlington police department about the investigation and arrest of the person that hit him, on numerous different occasions, no arrest has yet been made. (Compl. § V, attachment page I-II.) Polk alleges that he has not been given "proper service by law," due to the negligence of Bowman. (Compl. §§ IV(B), attachment pages I-II.) Polk seeks 225 million dollars for "mental anguish, pain and suffering, and emotional stress . . . ." (Compl. § V, attachment page I-II.)

Attachment

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint and attachments under these standards, the Court concludes that Plaintiff's claims must be dismissed.

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Polk has not cited any constitutional violation. The Court assumes his allegation that he was not given proper service by law is a claim of violation of his right to due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[7] Although Polk certainly recites severe injury from being struck by the drunk driver, that injury is not what Polk complains of here, and the person that stuck him is not a party to this case.[8] Otherwise, Polk has not stated how the alleged delay by Bowman in investigating and pursuing any charges against the drunk driver has deprived him of anything. Thus, the Court concludes that Polk has not alleged a constitutional violation.

Furthermore, even to the extent Polk could be said to have stated a claim, he has not alleged facts to support any claim that Bowman acted with the requisite state of mind. Polk repeatedly alleges that Bowman acted with negligence towards him. But

---

[6] *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993).

[7] U.S. CONST. amend. XIV § 1.

[8] From Polk's allegations, the drunk driver does not appear to be a government employee, or have otherwise acted under color of law.

negligence is not actionable under the Constitution.[9] Thus, Polk has failed to state a claim for relief under 42 U.S.C. § 1983 for this alternative reason.

As a part of the PLRA, Congress also placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[10] The United States Court of Appeals for the Fifth Circuit has held that "[s]ection 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[11] It is also now established law that a plaintiff must recite that he suffered more than a *de minimis* physical injury.[12] Polk has not stated any physical injury as a result of the alleged actions in this complaint. Thus, Polk's right to recovery

---

[9] See *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(recognizing that injuries inflicted by government negligence are not addressed by the United States Constitution).

[10] 42 U.S.C.A. 1997e(e)(West 2003).

[11] *Geiger v. Jones*, 404 F.3d 371, 375 (5th Cir. 2005).

[12] See *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999)("for purposes of Eighth Amendment excessive-force claims--as well as for purposes of section 1997e(e)--'the injury must be more than de minimis, but need not be significant.'")(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(noting that [the plaintiff's] alleged injury of a sore, bruised ear lasting for three days-- was de minimis)); see also *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D.Tex. 1997)(noting that a sore muscle, aching back, scratch, abrasion or bruise, which lasts up to two or three weeks, is not the kind of physical injury within the parameters of 1997e(e)).

4

of compensatory damages for mental and emotional harm is barred under 42 U.S.C. § 1997e(e), and such claims must be dismissed for this additional reason.

Therefore, all of plaintiff Allen Lee Polk's claims in this action are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED November 18, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE